IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GABRIEL ALEXANDRO SANCHEZ,**

        **Plaintiff,**

    v.                                    CASE NO. 18-3274-SAC

**STATE OF TEXAS, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

    This matter is a civil rights action filed under 42 U.S.S. §1983. Plaintiff, a prisoner held in the custody of the Kansas Department of Corrections, proceeds pro se and seeks leave to proceed in forma pauperis. The complaint names as defendants the State of Texas; the Pampa, Texas Police Department and the unnamed insurance company for the City of Pampa, Texas; and the Gray County State Attorney's Office and its insurance company. Plaintiff appears to challenge his arrest and prosecution in Texas, which occurred prior to his transfer to Kansas for service of a Kansas state sentence.

    The Court has reviewed the complaint and finds that venue is not proper in the District of Kansas. Whether venue is proper in a federal district is governed by 28 U.S.C. § 1391, which provides that a civil action may be brought in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) If there is no district in which an action may

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, it does not appear that any of the acts or omissions alleged took place in Kansas, and none of the defendants is a Kansas resident or has any apparent connection to Kansas that would arguably provide a basis for personal jurisdiction in this district.

Under 28 U.S.C. § 1406, a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Having considered the complaint, the Court finds this matter should be transferred to the U.S. District Court for the Northern District of Texas for consideration of the plaintiff's claims.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is provisionally granted.

IT IS FURTHER ORDERED the Clerk of the Court shall transfer this matter to the U.S. District Court for the Northern District of Texas.

**IT IS SO ORDERED.**

DATED: This 13th day of November, 2018, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge