IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GABRIEL ALEXANDRO SANCHEZ, Institutional ID No. 0111768, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:18-CV-213-M-BQ |
| STATE OF TEXAS, *et al.*, | § § | ECF |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

### I.   Background

Proceeding pro se, Plaintiff Gabriel Alexandro Sanchez filed this § 1983 action on November 5, 2018, along with an application to proceed *in forma pauperis* (IFP), alleging Defendants violated his constitutional rights by arresting and prosecuting him in Gray County, Texas. *See* ECF Nos. 1, 2. The United States District Court for the District of Kansas transferred the case to this court on November 14, 2018. ECF Nos. 3, 4.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. After reviewing Sanchez's original IFP application, the court ordered Sanchez to produce additional information and documentation within fourteen days to support his request. ECF No. 11. Sanchez submitted another IFP application on December 20, 2018, but did not produce all the documentation required by the court's order. *See* ECF Nos. 12, 13. Accordingly, on December 27, 2018, the court ordered Sanchez to either (1) produce the documents covered by the order or (2) pay the filing fee of $400.00. ECF No. 13. Through the December 27 order, the court admonished Sanchez that failure

1

to either produce the necessary documents or pay the filing fee within ten days would lead to dismissal of Sanchez's Complaint for want of prosecution. *Id.* at 2.

As of the date of this recommendation, Sanchez has not filed the required documents or paid the filing fee. Pursuant to Special Order No. 3-251, the undersigned makes the following findings and conclusions and recommends his application to proceed IFP be denied and the action be dismissed for failure to prosecute and follow court orders.

## II. <u>Discussion</u>

Proceeding IFP in a civil case is a privilege, not a right. *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Whether to permit or deny an application to proceed IFP is within the sound discretion of the court, and in reviewing the application, the court may evaluate all financial resources available to an applicant. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (upholding the district court's rejection of a motion to proceed *in forma pauperis* and noting that the district court has discretion to consider the applicant's expenses and income in making such a determination). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte*, including a civil rights claim filed under 42 U.S.C. § 1983, for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). When a prisoner fails to file court-ordered financial statements relevant to an IFP application, the court has discretion to dismiss the claim *sua sponte* for want of prosecution. *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998); *see Lockwood v. Davis*, No. 3:17-cv-1755-B-BN, 2017 WL 7245363, at *3 (N.D. Tex.

Dec. 29, 2017) (dismissing *sua sponte* a prisoner's habeas petition for failing to file the proper forms); *Rossman v. Peele*, No. 3:15-CV-3804-L, 2016 WL 6806313, at *1 (N.D. Tex. Jan. 19, 2016) (recommending *sua sponte* dismissal of a pro se action where plaintiff failed to "return the financial affidavit within thirty days" as the court had ordered).

The court has provided Sanchez ample opportunity to furnish a certified copy of his inmate trust account and an authorization to withdraw funds from the account, both of which are necessary to process his request to proceed IFP. *See* ECF Nos. 11 (giving Sanchez fourteen days to file the necessary documents), 13 (allowing Sanchez an additional ten days to produce the documents after failing to comply with the court's December 10 order). On December 27, 2018, the court admonished Sanchez that this action would be dismissed if he did not produce the documents as ordered or pay the filing fee, neither of which Sanchez has done. *See* ECF No. 13. In this posture, the court cannot allow Sanchez's claims to proceed without either payment of the filing fee or production of Sanchez's inmate trust account statement and authorization. Accordingly, the court should deny Sanchez's motions for leave to proceed IFP (ECF Nos. 2, 12) and dismiss Sanchez's Complaint for want of prosecution under Rule 41(b).

### III.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Sanchez's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.   Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: January 22, 2019

_____
**D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE**